## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In the Matter between | 2:16-cv-01670-JAD-VCF |
| Wanda Saporito and Michael Saporito, individually and as Trustees of the Saporito Trust dtd 12/20/2000, | **Order Confirming Arbitration Award and Denying Request for Default as Moot** |
| Petitioners | **[ECF Nos. 1, 8]** |
| v. | |
| Gregory A. Townes, | |
| Respondent | |

Wanda and Michael Saporito petition this court to confirm the award they received against Gregory A. Townes in an arbitration conducted before the Financial Industry Regulatory Authority (FINRA). The arbitrator's December 2, 2015, decision awarded the Saporitos: $90,000 in compensatory damages; $45,000 in attorneys' fees and costs; $975 in additional fees; and their $225 FINRA dispute-resolution filing fee.[1] The Saporitos timely moved to confirm the award and convert it into a judgment.[2] Townes has not appeared in this case[3] nor has he opposed the motion to confirm the arbitration award or filed a motion to vacate or modify it during the last year in which the award has been entered.[4]

A district court's review of an arbitration award is limited by the Federal Arbitration Act, and "a court must confirm an arbitration award unless it is vacated, modified, or corrected as

---

[1] ECF No. 1 at 12.

[2] ECF No. 1; 9 U.S.C. § 9.

[3] The arbitrator's award notes that Townes did not participate in the arbitration proceeding either, despite having been properly served. ECF No. 1 at 11.

[4] *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

prescribed" by the Act.[5]  In this case, the FINRA arbitrator issued an award explaining the basis for FINRA jurisdiction and the basis for his award.  Townes—whom the arbitrator concluded had been properly served—did not participate in the arbitration; nevertheless, the arbitrator did not award the full $325,000 that the Saporitos requested.[6]  The arbitrator denied the Saporitos' request for punitive and exemplary damages.[7]  Townes has not participated in this confirmation proceeding either.  He has not offered any reason that the award should be vacated, modified, or corrected, and I do not perceive any.  Accordingly, with good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition to confirm the FINRA arbitration award **[ECF No. 1] is GRANTED.**  The Clerk of Court is directed **to enter judgment in favor of the petitioners and against Respondent Gregory A. Townes in the amount of $136,200.00** and close this case.

IT IS FURTHER ORDERED that the motion for entry of clerk's default **[ECF No. 8] is DENIED** as moot.

DATED: December 27, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 662 (9th Cir. 2012) (quoting *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009)).

[6] ECF No. 1 at 11–12.

[7] *Id*.